Case No. 19-7105, Larry Elliot Klayman, Appellant, v. Judicial Watch, Inc., et al. Mr. Szymkowicz for the Appellant, Mr. Driscoll for the Appellees. May it please the Court, my name is J.P. Szymkowicz, and I have the honor of representing Larry Klayman, who is the Appellant in this matter. I reserve three minutes for rebuttal. The litigation in this case involves Mr. Klayman's voluntary departure from Judicial Watch, a public interest nonprofit that he founded. The case involved a complaint and a counterclaim alleging trademark violations, defamation, and a breach of contract with regard to Mr. Klayman's voluntary departure from Judicial Watch pursuant to a binding written severance agreement. After hearing evidence at trial, the jury returned a verdict on all claims and counterclaims against Mr. Klayman and returned a huge $2.8 million damage award. This will bankrupt Mr. Klayman and his family. Our brief in reply extensively discusses the issues on appeal, and we direct your honors to the briefs for points that we unfortunately have no time to discuss today if that's the case. You might want to start with whether we have jurisdiction to hear this appeal. Well, on March 14, 2018, the jury verdict was entered in the case. On March 15, 2018, the trial court entered a final judgment order. On April 12, 2008, the trial court vacated the final judgment order. The parties engaged in some post-judgment briefing, and a new final judgment order was entered on March 18, 2019. Mr. Klayman, on April 12, 2019, filed a timely Rule 60 motion. And then that order, that motion was decided in Judicial Watch's favor on August 7, 2019, when the court denied Mr. Klayman's Rule 60 motion. On September 6, 2019, Mr. Klayman filed his notice of appeal, which was timely. Let me just cut to the chase here. When the district court entered judgment on the jury verdicts, Mr. Klayman filed a motion essentially to set aside those judgments so that he would have 60 days after the transcripts had been prepared to file his Rule 59 motion, right? He filed the motions, Your Honor, yes. Under our case law, American Security, cited by you and the other side, that motion should be construed as a Rule 60B motion itself, right? Wouldn't you agree that's what we held there, that a motion of this nature is essentially seeking relief from judgment and should be construed as a Rule 60B motion? Well, I don't agree, Your Honor. I think that what happened here was that the order was vacated, and the vacation of that… It was vacated not sua sponte. It was vacated in response to a motion filed by Mr. Klayman. That might be the question. The question is, is that motion under our case law is properly characterized as a Rule 60B motion, right? No, I don't think that's correct, Your Honor. I believe that the evidence that the trial court vacated the judgment for any reason, the fact that the judgment was vacated, allowed Mr. Klayman a second, quote, bite of the apple. And that's what happened when… Maybe I'm not being clear. Mr. Klayman filed a motion, and that motion, according to American security, is properly characterized as a Rule 60B motion, right? I'm not sure, Your Honor. I think that the answer is that because it was vacated, it became a nothing. There was nothing to appeal at that point. He couldn't file notice of appeal in April 2018. There was nothing to appeal. It was only when the new judgment was entered in March of 2019 that Mr. Klayman had anything to file, and that's when he filed the Rule 60 motion in April 2019. When that was decided in August 2019 against him, then and only then did Mr. Klayman have the ability to file… …a Rule 59 motion before or after judgment. It still counts as a Rule 59 motion, right? I don't concede that, Your Honor. I think that the key distinction is that the orders were vacated and that Mr. Klayman did file some post-judgment motions. But when the new final judgment order was entered, that gave him the ability to file the Rule 60. And upon the denial of that Rule 60 in August of 2019, then and only then could he file the notice of appeal, which he filed within the 30 days of entry of the final judgment order in August of 2019. I think that's the key distinction. So, I'm aware of at least six different circuits that have held that you cannot file in reported decisions, that you cannot toll the time period under Rule 4 twice with successive motions under Rule 59 and Rule 60. But our argument is that… I understand what your argument is. I'm asking you whether you are aware of any authority to the contrary with respect to that proposition. I'm not aware of any… The way you phrase it, I'm not aware of anything, but I think the facts are different there. I think that the court vacated that judgment order, and it's the vacation… But, okay, so you're not aware of any authority to the contrary that you can't toll the time period twice. So, what I'm saying to you is, if we were to construe Mr. Clayman's first motion as a Rule 60B motion that was successful and resulted in the court setting aside the verdicts so that he would have more time to file his Rule 59 motion, and then that motion was filed and it was denied, and then he files another motion after that, and we were to construe that third motion as a second bite at the apple to toll the time period, you are aware of no authority that says that you can toll the time period twice in that fashion, if we were to construe that as what has happened? Your Honor, I'm not aware of any authority. However, I don't think that that's what happened here. What happened here is that there was a second final… The first final judgment order was vacated. That meant there's nothing to appeal. There's nothing going on. It's only when the second final judgment order was entered in August of 2019 that Mr. Clayman had the ability to file the notice of appeal. And that's, I think, the critical fact that the other cases and the other authorities that may or may not be out there differ from this case. Forgive me. Let me ask a question. I'm perhaps a little confused. What is the cases that my colleague refers to, are they before or after when 4A6 was entered into the rules? Which for relief under Rule 60, if the motion is filed no later than 28 days after the judgment is entered. What was the date on which that was put in and how does that relate to the cases that my colleague refers to? I'm not sure of the date that that went into effect, Your Honor. It may be important for your case. Rule 4, I know, was amended in 1993 to specifically include Rule 60 motions. That's in Rule 4's advisory committee notations to the 1993 and 1998 amendments. Right. Are the cases that my colleague refers to before those? American Security is before that, isn't it? Yeah, American Security is before that. Yes, that was a 1982 case, Your Honor. Yes, that's my memory, too. So the ability for Mr. Klinman to file that Rule 60 motion that he filed in April of 2019, that told his time to file the Notice of Appeal. The order was denied on August 7, 2019, and he filed the Notice of Appeal on September 6. So we believe that his appeal was timely, and in addition to timely, that this honorable court has jurisdiction. Moving to, if I may, moving to our arguments on, as I see that I'm out of my seven minutes, Judicial Watch provided a constant drumbeat of false claims to the trial court that Klinman had an affair and sexually harassed a married office manager that worked for Judicial Watch, and she had small children at the time, that he assaulted his estranged ex-wife and called her vulgar names, such as a piece of shit, a dumbass, ugly, stupid, and a bitch, and three, that his departure from Judicial Watch was forced. These false statements resulted in significant prejudice to Klinman and resulted in a huge verdict against him. Judicial Watch's appeal was defeated by the uncontroverted truth that Klinman did not have an affair with or sexually harassed the office manager, did not beat his wife or call her vulgar names, and that his departure was voluntary. The party's severance agreement clearly states that the departure shall be treated for all purposes as a voluntary resignation and that he stepped down to pursue other endeavors. The severance agreement further provided that Judicial Watch issue a press release that praised Klinman, stating that Larry conceived, founded, and helped build Judicial Watch to the organization it is today, and we will miss his day-to-day involvement. Larry leaves us well-positioned to continue our important work, and it also stated that Larry was the creator and founder of Judicial Watch and helped to build it to be a stable, successful, and widely respected organization, and we thank him for his service. Moreover, the severance agreement stated that the parties agreed that they will limit any statements to third parties regarding Klinman's leaving Judicial Watch to be consistent with the press release and statements contained in this paragraph. Mr. Sinkiewicz, I mean, these evidentiary questions we review under the abuse of discretion standard, isn't that correct? That's correct. Right, so how do we, how do you overcome that deferential standard? Well, we believe that not only was it abuse of discretion, but it was clear error because the statements that were made were so prejudicial that under Rule 401 and 402, in addition to being irrelevant to the claims at issue, which were the trademark violation, breach of contract, and defamation, that they were smears that were so bad that 403 prevents the admission to these false smears since the probative value of admission is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the potential to mislead the jury, and that's what happened here. The jury heard verdict that, the jury heard evidence that Mr. Klinman was this horrible guy that was a sexual harasser, he had an affair with a married office manager, that he assaulted his wife and used really bad names, and that he left for a reason other than to run for the Senate. And 403 clearly indicates that this evidence should have been excluded from the jury because in addition to being irrelevant under 401 and 402, under 403, the danger of prejudice, the danger of the admission is that it was substantially outweighed by a danger of unfair prejudice, confusion of the issues, and the potential to mislead the jury. And the admission of such false, irrelevant, and extremely prejudicial and incendiary smears obviously provoked the jury into finding against Mr. Klinman on emotional grounds that were different than the objective proof required to support the causes of action. And the only thing that this court can do is to rectify this grave errors to reverse and remand for a new trial. The court made other errors that we stated in our brief, and Your Honor, I can go through them. We have your brief. Are there further questions from the panel? Judge Rao, Judge Silverman? I do not have any questions. No further questions, thank you. All right, you're out of time, but we'll give you some time on rebuttal. Thank you. All right, we'll hear now from Mr. Driscoll for appellees. Thank you, Your Honor. May it please the court, my name is Rich Driscoll. I'm here on behalf of the appellees, Judicial Watch Incorporated, and the individual directors, Thomas Fitton, Mr. Christopher Farrell, and Mr. Paul Orfanides. Today, I think the court has focused on a preliminary and dispositive issue that is important to address, which is the lack of jurisdiction that this court has to hear these matters on appeal. Judge Silverman asked an interesting question, which was, what was the date of the decisions in which the court espoused the general rule that a motion for reconsideration filed after a time-tolling motion, like a Rule 50 or a Rule 59 motion, does not toll the time period. And the dates of the American Security Bank decision is 1982, but following American Security Bank, this general rule has been reiterated and reapplied in 2003, 2005, 2016, and as recent as 2017 in the Dugdale v. Dytek decision. You're talking about unpublished opinions, are you not? That's correct, Your Honor, those are unpublished opinions. Number one is unpublished. Number two, none of those opinions consider the actual language of Rule 4 as it is amended. Isn't that correct? Well, the amendment in Rule 4 in 1993 included a Rule 60 motion as one of the motions that you can file and toll the time limit. However, the rationale... Look at the language of that. 4.6 says for relief under Rule 60, if the motion is filed 28 days after the judgment is entered. And then you go and look at Rule 60, and it's grounds for relief from a final judgment, order, or proceeding. So the draftsman used the term for relief because it's broader than one directed towards the judgment. It also includes an order. So why doesn't that specifically allow a Rule 60 motion to come in after a 59 has been denied? In this case, the 59 was denied simultaneously with the judgment. Well, Your Honor, the answer to that question is that the policy that was announced in the American Security Bank decision was that the purpose of tolling is twofold. One, it's designed to give the trial court an opportunity to correct errors before the parties have to prepare for an appeal. And it's to relieve the parties from the burden of preparing their documents for appeal. Excuse me for interrupting, counsel. I agree with the policy. However, the text of the orders does not support the policy. I understand your point, Your Honor. And that is the argument of the appellant, which is that the final judgment was dismissed. They filed or vacated. They filed their Rule 50, 59 motion. Then the final judgment was entered, and they subsequently filed a Rule 60 motion, which is also identified in Rule 4. And therefore, they were able to toll the time period going forward. That's correct. Actually, counsel did not make the argument that I'm suggesting. But it doesn't matter because it's a jurisdictional question. Well, I understand that, Your Honor. But the point that I'm trying to make... I'm sorry. How do you get around the exact language of 4, 6, A6, and Rule 60? The way that you avoid that language, Your Honor, is you look at the content of the Rule 50, Rule 59 motion, and the content of the Rule 60, B motion, and you can... And was not the Rule 60, B motion different than the Rule 59? No. It was based on the exact same arguments, and it requested the exact same relief. My recollection is that the arguments were somewhat different. Well, there were two additional arguments, but that was because the Rule 60, B combined both the Rule 60, B motion with a motion to recuse the judge and a motion for sanction. So it was sort of a... Put aside the motion for recusal. Okay. But the actual... What is the actual language of the Rule 60 motion? The actual motion that was filed? Yes. Isn't it different than the 59? One moment, Your Honor. If it was the same, you would have a better argument, it seems to me, but I recall it being different. Besides the... When you say... Your Honor, when you say, was the language different, which language are you referring to? The body of the arguments or... I'm talking about comparing the Rule 59 motion, which was filed and decided actually simultaneously with the judgment. Right. And the Rule 60, B motion, which came in later. And then the real question is whether the 60, B told the time for appeal. And if the 60, B motion was exactly the same as the 59 motion, I think you'd have a stronger argument. But if it's different than the statute, then the rules look textually against your position. Well, I'm looking at the 60, B motion at the moment. And it appears that based on... That it includes the exact same arguments substantively that the Rule 50, 59 motion included, but has only the argument that the order that was issued on March 18, 2009 was driven by a continued extrajudicial animus by the court. And so there's no substantive difference between... I seem to recall there was. I'm not going to agree with that. Okay. There's another point I would like to make, though, Your Honor, which is that the American Security Bank Court made the point that whether tolling occurs is not relevant. It's not like calling timeouts in a football game. Parties don't have an absolute right to tolling because the tolling has to serve the purposes that are espoused by the court, which is to give the trial court the opportunity to correct mistakes and to relieve the parties from the burden of preparing an appeal while there's still an opportunity for a new trial. Those were all issues that were covered in the original Rule 50, Rule 59 motion, but were not covered and then were reiterated in the Rule 60 motion, which is actually titled as a motion for reconsideration, yet the motion for reconsideration doesn't even articulate any grounds that would normally be utilized for a motion for reconsideration, which would be newly discovered evidence or a clear error of law. None of that is argued in the Rule 60B motion other than the issue of the continued animus of the court. So I understand the court's position on that, but it doesn't meet the policy of the court and it violates the general rule that you can't file successive motions to toll the time period. And it doesn't matter whether the motion Rule 50 and 59 were filed before or after the judgment was entered. If you look at the relief that's requested in the Rule 50 and the Rule 59 motion, they're requesting relief from the judgment and they ask for the exact same relief in their Rule 60B motion and also in the appeal here today. There is an issue that I would like to raise with regard to some comments that counsel made. Just to clarify, the record does not, in any location, indicate that Mr. Klayman was accused of sexual harassment. There is only one statement by Mr. Orfaniti's testimony in which he said that as a member of the board of directors and as an officer of the corporation, Mr. Klayman breached his fiduciary duty by engaging in an affair with a subordinate employee and exposed the corporation to the risk of a sexual harassment claim. There has never been an allegation that Mr. Klayman sexually harassed the individual employee. And so that's an inaccuracy. Excuse me. May I ask a question about the summary judgment? Sure. One of the grounds, as I recall, the district judge, throughout the submission of the other party in this case, that summary judgment was the ground that he was producing hearsay evidence. Do you remember that? Yes, sir. There were two documents that were rejected based on Rule 56E. But isn't the law of summary judgment that you can get by with hearsay evidence? You can get by with material that wouldn't be accepted as evidence at trial? You can get by with hearsay evidence as long as it can be converted into admissible evidence. And the two pieces of evidence that are addressed in the brief are, one, just a sheet of paper that has an unattributed summary of a statement by one party. There's no explanation as to who said it or what the source is or anything. But that all could be produced at trial, right? Well, no. In other words, the general principle is hearsay, if it doesn't come under one of the exceptions, would not be admitted at trial. But if it's asserted in opposition for a motion of summary judgment, it's legitimate. No, I don't agree with that, Your Honor. Rule 56E states that it has to be admissible evidence. And so the burden on the party, the proponent of the evidence, is to demonstrate that the evidence is admissible. And the appellant never met that burden. Even on appeal, they don't even attempt to make that burden, meet that burden. They merely point to the evidence, which still stands as hearsay evidence, that cannot be converted into admissible evidence. Now, of course, it may not matter even if it was a technical error, because it may not have been decisive in the case. Well, that's certainly true, Your Honor. There is one other issue that was introduced, and I would be remiss if I didn't address it, as long as the court would indulge me with about 30 seconds. Aye. And that is the testimony regarding the relationship between the spouse and Mr. Klayman. The rationale for introducing that testimony was not to smear Mr. Klayman. It was to demonstrate the falsity of the representations in the advertising campaign to support the element of falsity in the Lanham Act claims and to demonstrate the disparagement under the breach of contract claims. And so that testimony was not peripheral. It was the heart of the dispute. Mr. Klayman was pursuing an advertising campaign that represented himself as superior morally and ethically to the leadership and advocated that he should be returned to Judicial Watch because of his moral and ethical superiority. And the appellees took the position that that was false advertising. Both sides fully presented their cases to the jury. The jury rejected Mr. Klayman's, and here on appeal, that jury verdict should be entitled to the deference that a jury verdict receives, and all inferences should be given to the appellees on this appeal. Judge Rao, any further questions? Judge Silberman? No. All right. Thank you, Mr. Driscoll. Thank you, Your Honor. Mr. Simkiewicz, you are out of time, but we'll give you two minutes for rebuttal. Thank you, Your Honor. Rule 60 has different grounds than Rule 50 or 59. And under Rule 4, small a for large a, Roman numeral 6, it allows the filing of the Rule 60 motion. The Rule 60 motion was different here, and that would fall under the number 6. Explain the differences. Well, this one on page 4 of document number 587, which is appendix 2386, it said, unfortunately the court's order of March 18, 2019 appears to be driven by its continued extrajudicial animus manifesting itself in bias and prejudice against Mr. Klayman and has caused this court to ignore the facts and laws set forth in Mr. Klayman's JNOV motion. As set forth in detail below, this has resulted in, at a minimum, clear error that has severely prejudiced Mr. Klayman that more than satisfies the requirement for reconsideration under the Federal Rules of Civil Procedures Rule 60. What were the errors committed in the style of the 59 motion? And in what way are they different from the 59 motion? Well, in the 59 motion, there were some that was related to some of the substantive problems with the case. But Mr. Klayman's Rule 60 motion, again, talks about the bias and prejudice of the judge, which goes under Rule 60 to any other reason that justifies relief. I think that any other reason that justifies relief should be interpreted broadly in this case because Mr. Klayman is alleging specifically bias and prejudice in the Rule 60. I saw that, and I understand your point. Wasn't there actually a substantive difference besides bias? He refers to the judge failure to consider evidence. Wasn't that different than the 59 motion? It may be, Your Honor. You should be more aware of the case than I am. If we can file a supplemental brief to address that. There's no supplemental briefing. The last thing we need is supplemental briefs. But, Your Honor, I believe that there were some distinctions between those two. And moving on to the other comments that I'd like to address on rebuttal. The orphanities testimony on page 1830 of the transcript, day six, he said, Mr. Klayman didn't run for the Senate. He left rather than face an internal investigation into whether he misused Judicial Watch's resources, whether he pursued an inappropriate relationship with the Judicial Watch employee, and whether he was engaged in domestic abuse. That's where we get to the sexual harassment. All right. You're out of time, counsel. Thank you, Your Honor. We have your argument. Thank you. The case is submitted.
judges: Wilkins, Rao, Silberman